# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TYLOR LEE BALDWIN LAU,<br><br>Defendant. | Case No.   15-CR-4060-LTS<br><br>**ORDER** |

## I.   INTRODUCTION

This matter came before the court on July 13, 2016, for a change of plea hearing. Defendant entered a guilty plea to Count 2 of the indictment, which charged him with possession of child pornography in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).  I have filed separately a Report and Recommendation, recommending the District Court accept defendant's guilty plea.

At the conclusion of the hearing, the government moved for defendant's detention pending the sentencing hearing.  Defendant resisted the government's motion. Accordingly, I heard evidence and argument on the issue of detention.   Dr. Terry Davis testified on behalf of the defendant, and I accepted into evidence Exhibit A, under seal (a psychological report authored by Dr. Davis), and Exhibit B (Dr. Davis' curriculum vitae).  Special Agent Chad Standard and United States Probation Officer Crystal Hansen testified on behalf of the United States, and I accepted into evidence Exhibits 1, 2 and 3.  Exhibit 3 was a purported image of child pornography, so the United States retained custody of the exhibit.

## II.  FINDINGS OF FACT

Dr. Davis diagnosed defendant with having Autism Spectrum Disorder and Intellectual Disability. Dr. Davis opined that defendant posed a low risk of reoffending—that is a low risk of again possessing child pornography. Dr. Davis opined that defendant's criminal conduct in accessing child pornography in the first instance was more of a result of his immaturity and impulsivity and not the result of a Pedophilic Disorder. Dr. Davis expressed an opinion that defendant would be vulnerable if incarcerated because of his mental illness and immaturity. On cross examination, Dr. Davis testified that, if after he was charged in this case, defendant was again involved in the possession and distribution of child pornography, and the solicitation of sex from minors, and the distribution to minors of photographs of his genitalia, it was likely because defendant was not receiving proper treatment or not taking his medications properly.

I credit Dr. Davis' diagnosis and his conclusion that incarceration may exacerbate defendant's mental illness. But, I afford the rest of Dr. Davis' testimony little weight. Dr. Davis' prediction of the likelihood of defendant reoffending were off the mark, as I find probable cause to believe that defendant was involved in possessing and distributing child pornography (discussed in more detail below). Dr. Davis' prediction was based, in part, on his conclusion that defendant did not have a Pedophilic Disorder, which was based in part on Dr. Davis' belief that defendant did not possess a large number of images of child pornography. Dr. Davis testified that people with that disorder usually have thousands of such images. Special Agent Standard testified that the forensic examination of defendant's computer in this case disclosed thousands of images of child pornography. Dr. Davis testified that he had not reviewed that forensic report. Dr. Davis' opinion that defendant's involvement with child pornography was the result of a lack of proper treatment or medication is speculation. Regardless, were I to release defendant pending

sentencing, there was no evidence defendant would receive any different treatment or medication that would prevent him from again possessing child pornography. Finally, Dr. Davis' opinion regarding the risk defendant faces while incarcerated is largely beyond the scope of his expertise. Dr. Davis' testimony that defendant's mental condition may deteriorate while incarcerated was based on what he described as his general understanding of the subpar provisions made in local jails for treating mental illness. He did not base that testimony on any firsthand knowledge of what treatment is available in local jails. Dr. Davis testified that defendant is more likely to be attacked in jail because of his mental illness and slight physical build. Dr. Davis is not an expert on jails or on the risks people with mental illnesses may face while incarcerated. Dr. Davis conceded that there is no evidence that defendant was assaulted or victimized while previously incarcerated in this case. Dr. Davis is in no better position than the court to predict the likelihood defendant will be assaulted while incarcerated. That said, I find it reasonable and logical to believe that defendant is more likely than defendants without mental illness or his slight build to be manipulated and attacked, although the likelihood of that happening is a matter of conjecture.

Special Agent Standard testified that in May 2016, he was alerted that a 17 year old child, G.H., had contacted police in Arkansas and reported that defendant had uploaded images of child pornography on a chat website called Kick Interactive. G.H. used his telephone to take photos of two screen shots, one of which depicted defendant's profile (Exhibit 2), and the other an image of child pornography (Exhibit 3). G.H. informed the police that during the chat, defendant indicated that he had previously been "busted," meaning arrested, for having child pornography. Officer Hansen testified that before the instant charges, defendant has not been arrested for possession of child pornography. The police officers took photographs of the screen shots on G.H.'s phone, then deleted the images off the child's phone. Exhibit 3, which shows a naked

prepubescent female with her legs spread. Next to the image is a chain of chat messages, some of which have a photograph of defendant's face next to the lines of chat. Subpoenaed records tied the defendant's entries on the Kick Interactive website back to a telephone number with the last four digits 5076.

Officer Hansen testified that she took over supervision of defendant while he was on release pending trial. She reviewed entries made by defendant's prior probation officer and was aware of the computer and phone numbers to which defendant had access. Officer Hansen testified that the probation office was not aware defendant had access to a cell phone with the last four digits of 5076, and that his conditions of release required him to inform the probation of access he had to any device capable of internet access. Officer Hansen also testified that Special Agent Josh Rammel of the Ohio Bureau of Criminal Investigations contacted her to report that defendant had attempted to solicit sex from a 13-year old female in Ohio using a Facebook account. Special Agent Rammel subpoenaed the Facebook records which tied back to defendant. Officer Hansen was able to go on-line and find defendant had a Facebook account, which had not shown up on any of the computers or devices that the Probation Office had been monitoring. Special Agent Rammel informed Officer Hansen that a search of the Facebook account tied to defendant showed that he had sent images of his genitalia to minors in the United States and abroad. The records also revealed that defendant had indicated on Facebook that he was currently on probation and had a hidden computer he was using for communication. Officer Hansen has requested copies of the information in Special Agent Rammel's possession, but, although they were sent, Officer Hansen did not have possession of the documents at the time of the hearing. Finally, Officer Hansen testified that on six occasions, defendant had been outside of his residence in violation of his condition of home detention. She testified that on these occasions, she did not know

where he went, although he reported on each occasion that he had not left his yard and each occasion lasted no more than twenty minutes.

I find there is probable cause to believe that defendant possessed and distributed child pornography, solicited sex from a minor, and distributed images of his genitalia to minors, all while on pretrial release. I also find that he violated the terms of his pretrial release by failing to provide the probation office with access to a hidden computer and a cell phone. Finally, I find defendant violated the terms of his pretrial release by possessing pornography. Doc. 15, at 3.

### *III. DISCUSSION*

Defendant is subject to mandatory detention pursuant to Title 18, United States Code, Section 3143, but seeks release pursuant to Title 18, United States Code, Section 3145(c). A court may order the release of a person subject to detention pursuant to Section 3143 "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). The Eighth Circuit Court of Appeals has defined "exceptional reasons" as meaning "clearly out of the ordinary, uncommon, or rare when compared to every other defendant" convicted of a similar crime. *United States v. Brown*, 368 F.3d 992, 993 (8th Cir. 2004). This is a very tough standard; I am not aware of any reported case where the Eighth Circuit Court of Appeals has found exceptional reasons to exist under this standard.

Defendant argues that his case is exceptional because his mental illness and the nature of his offense makes it more likely that he would be victimized while incarcerated and that incarceration would exacerbate defendant's mental illness. The Eighth Circuit Court of Appeals has previously held that the fact a defendant has been convicted of child sexual abuse or child pornography-related charges, and therefore is more likely to be attacked while incarcerated, does not constitute exceptional reasons under Section

5

3145(c). *See*, *e.g.*, *United States v. Larue*, 478 F.3d 924, 925 (8th Cir. 2007); *Brown*, 368 F.3d at 993. Likewise, the Eighth Circuit Court of Appeals has held that the fact a defendant is under mental health treatment or medication does not constitute exceptional reasons for release. *See*, *e.g.*, *Larue*, 478 F.3d at 925; *Brown*, 368 F.3d at 993. I do not find defendant's mental health condition, or the potential that he may be attacked in jail because of the nature of that illness or his offense, neither separately nor in combination, constitute exceptional reasons to allow defendant to be released pending sentencing.

Even if I were inclined to find those reasons sufficient, I would still order defendant detained because I find that he has violated the terms and conditions of his release pending trial. I must balance the danger defendant poses to children against the danger he faces by incarceration. I come down on the side of protecting other children from defendant. Although defendant offers the possibility of home detention and banning him from possessing any computer, that would not answer the concern I have because defendant committed the violations using a hidden computer. Defendant offered the proposal of confinement in a halfway house. Although that might make it more difficult for defendant to gain access to a computer or the internet, there is no certainty. Defendant has clearly been resourceful enough to gain access to a hidden computer, and to conceal use of a cell phone, while on home detention and monitored by the Probation Office. Furthermore, defendant would face a similar danger confined in a halfway house that he faces confined in a jail.

## IV. CONCLUSION

I find there is no condition, or combination of conditions, sufficient to ensure defendant would not pose a danger to others if released.

For these reasons, I hereby **grant** the government's motion for detention pending sentencing in this matter. Defendant is committed to the custody of the Attorney General for confinement awaiting sentencing. The Attorney General shall afford defendant reasonable opportunity for private consultation with counsel while detained. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding. If a "review" motion for revocation or amendment is filed, pursuant to 18 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must* attach a copy of the release/detention order to the appeal and promptly secure a transcript. There is *no automatic stay* of this Order. Therefore, defendant must request such relief from the court.

**IT IS SO ORDERED** this 14th day of July, 2016.

_____
C.J. Williams
United States Magistrate Judge
Northern District of Iowa