# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>TYLOR LEE BALDWIN LAU,<br><br>  Defendant. | No. CR15-4060-LTS<br><br>**ORDER ON DEFENDANT'S APPEAL FROM DETENTION ORDER** |

_____

## I.  INTRODUCTION

This matter is before me on defendant's appeal (Doc. No. 60) from an order of post-conviction detention (Doc. No. 59) filed by the Honorable C.J. Williams, United States Magistrate Judge.  The Government filed a timely response (Doc. No. 64) and this matter is fully submitted.[1]

## II.  PROCEDURAL HISTORY

On September 23, 2015, the Grand Jury returned an indictment against defendant Tylor Lee Baldwin Lau charging him with two counts related to the possession of child pornography.  On October 5, 2015, while serving as a United States Magistrate Judge, I held a detention hearing and subsequently released Lau to home detention.  Doc. Nos. 14, 15.  On July 13, 2016, Lau appeared before Judge Williams to change his plea to Count 2 of the indictment to guilty.  Doc. No. 57.  Judge Williams recommended that I accept Lau's guilty plea, which I did.  Doc. No. 63.

---

[1] This order was finalized well over one month ago.  However, due to an oversight it was not submitted to the Clerk's office for docketing.  I apologize for the error and the resulting delay.

At the time of his change of plea hearing, Lau requested that he be allowed to remain on home detention pending sentencing. Judge Williams then heard testimony regarding that issue. Dr. Terry Davis testified on behalf of Lau. Along with Dr. Davis' testimony Judge Williams received into evidence defendant's Exhibit A, a psychological report authored by Dr. Davis, and defendant's Exhibit B, Dr. Davis' curriculum vitae. Special Agent Chad Standard and United States Probation Officer Crystal Hansen testified on behalf of the United States. Judge Williams also received Government's Exhibit 1, a probation report of non-compliance, Exhibit 2, a picture of a cell phone messaging app purportedly belonging to Lau and Exhibit 3, a purported image of child pornography. Judge Williams then entered an order detaining Lau pending sentencing. Doc. No. 59.

### III. STANDARD OF REVIEW

*A. Appeal Standard*

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b). If a defendant files such an appeal, the district judge must conduct a *de novo* review of the detention order. *See United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985) (*en banc*).

*B. Pre-sentence Detention*

Once a defendant has been adjudged guilty and is awaiting sentencing, there is a presumption in favor of detention. *See United States v. Kills Enemy*, 3 F.3d 1201, 1203 (8th Cir. 1993) ("A convicted person awaiting sentence is no longer entitled to a presumption of innocence or presumptively entitled to his freedom."). Thus, after a

defendant has been convicted:

> the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. § 3143(a)(1).[2] 18 U.S.C. § 3143(a)(2) additionally states that:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless--(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

Under 18 U.S.C. § 3145(c), "A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." The Eighth Circuit has set a very high bar for exceptional circumstances:

> Our case law has defined "exceptional reasons" as "clearly out of the ordinary, uncommon or rare." *See United States v. Brown*, 368 F.3d 992, 993 (8th Cir. 2004) (*per curiam*), *quoting United States v. Koon*, 6 F.3d 561, 563 (9th Cir. 1993). *See also United States v. Schmitt*, 515 Fed. Appx. 646 (8th Cir. 2013); *United States v. Nickell*, 512 Fed.Appx. 660 (8th Cir.

---

[2] None of the situations contemplated by 18 U.S.C. § 3143(b) or (c) apply to this case.

2013); *United States v. Mahoney*, 627 F.3d 705 (8th Cir. 2010) (*per curiam*); *United States v. Little*, 485 F.3d 1210 (8th Cir. 2007) (*per curiam*); United *States v. Larue*, 478 F.3d 924 (8th Cir. 2007) (*per curiam*).

*United States v. Krantz*, 530 F. App'x 609, 610 (8th Cir. 2013).

### IV. DISCUSSION

*A. Findings of Fact*

After a *de novo* review of the record, including the transcript of the change of plea hearing (Doc. No. 61) and the parties exhibits (Doc. Nos. 51-1, 55-1, and 55-2), I adopt the findings of fact set forth in the detention order.

In short, based on Dr. Davis' testimony and report, Lau suffers from both an Autism Spectrum Disorder and an intellectual disability. *See* Doc. No. 51-1 at 11; *see also* Doc. No. 13 at 3 (discussion of Lau's history of Autism Spectrum Disorder in the Pretrial Services Report). Additionally, Dr. Davis opined that defendant poses a low risk of reoffending—that is a low risk of again possessing child pornography. Dr. Davis stated that Lau's possession of child pornography was a result of immaturity rather than Pedophilic Disorder. Dr. Davis also expressed an opinion that Lau would be a vulnerable person were he incarcerated due to his mental health conditions. There is no reason to discount Dr. Davis' credible assessment of both Lau's condition and his conjecture on how Lau will handle confinement.

However, the Government put on substantial evidence that Lau engaged in a pattern of inappropriate and illegal behavior while on pretrial release. Agent Standard testified that in May 2016, Lau posted images of child pornography to the internet. Government Exhibits 2 and 3 show both Lau's "profile" for internet "chats" on the "Kick Interactive" website and an item of child pornography Lau posted during one such chat session. USPO Hansen verified that the chats came from an undisclosed phone belonging to Lau. Hansen also testified that criminal investigators in Ohio contacted her

to report that Lau had attempted to solicit sex from a 13-year old female using an undisclosed Facebook account. Further investigation into the undisclosed Facebook account showed that Lau repeatedly sent minors inappropriate messages. Finally, Hansen presented uncontroverted testimony that Lau had left his residence without authorization on a number of occasions. In all, as noted by Judge Williams, there is probable cause to believe that while on pretrial release, Lau (1) possessed and distributed child pornography; (2) solicited sex from a minor; and (3) distributed images of his genitalia to minors. Lau also violated the terms of his release by failing to disclose a smart phone, a computer, and a Facebook account, and by accessing pornography.

### B. *Analysis*

Judge Williams found that, "defendant's mental health condition, [n]or the potential that he may be attacked in jail because of the nature of that illness or his offense, neither separately nor in combination, constitute exceptional reasons to allow defendant to be released pending sentencing." Doc. No. 59 at 6. Alternatively, Judge Williams found that:

> Even if I were inclined to find those reasons sufficient, I would still order defendant detained because I find that he has violated the terms and conditions of his release pending trial. I must balance the danger defendant poses to children against the danger he faces by incarceration. I come down on the side of protecting other children from defendant. Although defendant offers the possibility of home detention and banning him from possessing any computer, that would not answer the concern I have because defendant committed the violations using a hidden computer. Defendant offered the proposal of confinement in a halfway house. Although that might make it more difficult for defendant to gain access to a computer or the internet, there is no certainty. Defendant has clearly been resourceful enough to gain access to a hidden computer, and to conceal use of a cell phone, while on home detention and monitored by the Probation Office. Furthermore, defendant would face a similar danger confined in a halfway house that he faces confined in a jail.

*Id*. In his appeal, Lau argues both that he has exceptional circumstances such that pre-sentence detention is not appropriate and that his previous violations:

> do not render [his] circumstances any less exceptional. Those issues can be addressed by fashioning appropriate conditions of release and enhanced supervision. For instance, Mr. Lau could be required to reside in a halfway house pending sentencing with a condition forbidding him from use of the Internet and any device capable of accessing it. Such conditions would reflect Mr. Lau's exceptional circumstances, while addressing any risk to the public.

Doc. No. 60-1 at 7.

As Judge Williams noted, a court may order the release of a person subject to detention pursuant to Section 3143 "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). Lau alleges two such "extraordinary circumstances," his vulnerability in prison and his mental illness.[3] Doc. No. 60-1 at 5. The Government does not dispute any of the facts surrounding Lau's illness or his fragility, rather, the Government argues that neither constitutes an exceptional circumstance such that pre-sentence release is appropriate. *See* Doc. No. 64 at 3-5. The Government is correct.

---

[3] Lau's brief describes his potential vulnerability:

> Mr. Lau looks (based on the fact that he weighs approximately 120 pounds) and acts (based on his mental illness) "more on the level of a middle teenager," rather than an adult. Id. at 29:24-30:14. As examples, Dr. Davis testified that Mr. Lau claimed he had been "bullied" on the Internet by 13-year-olds, and that he had been "engaged" to two women whom he met over the Internet, but had never met in person. *Id*. at 30:15-31:18. Dr. Davis concluded that Mr. Lau would be "quite vulnerable" in "an incarceration environment," where he "would potentially be liable to be exploited and possibly harmed by someone." *Id*. at 28:25-29:7. Moreover, he predicted that Mr. Lau's mental health could deteriorate in a county jail. *Id*. at 32:22-33:7.

Doc. No. 60-1 at 3.

As Lau acknowledges, "the Eighth Circuit has apparently not held in any particular case that 'exceptional reasons' justified release pending sentencing." Doc. No. 60-1 at 5. In fact, the Eighth Circuit has had numerous opportunities to examine what may constitute an exceptional circumstance and has repeatedly found that release pending sentencing was not warranted. *See e.g. Brown*, 368 F.3d at 993 (depression requiring treatment and risk of harm in prison not exceptional circumstances); *Schmitt*, 515 Fed. Appx. at 646 (good behavior, medical issues, and the need to take care of elderly parents not exceptional circumstances); *Nickell*, 512 Fed.Appx. at 660 (good behavior and the need to take care of children not extraordinary circumstances); *Mahoney*, 627 F.3d at 705 (good behavior not an exceptional circumstance); *Little*, 485 F.3d at 1211 (good behavior not an exceptional circumstance); *Larue*, 478 F.3d at 925-26 (mental health issues and the danger of offence related retribution in jail not exceptional circumstances); and *Krantz*, 530 F. App'x at 610 (military service not an exceptional circumstance).

*Larue* and *Brown* are instructive as to Lau's situation. Both cases involved defendants convicted of sex crimes, both defendants suffered from mental health issues and in both cases the district court referenced possible violence in jail as one of several exceptional circumstances.[4] In each case the Eighth Circuit found that neither mental health issues nor the possibility of harm in jail constituted an exceptional circumstance. It is easy to deduce why the Eighth Circuit reached that conclusion. In many sex crime/child pornography cases there is substantial evidence that the defendant suffers from mental health issues. Similarly, defendants suffering from mental health issues and

---

[4] In support of his position Lau cites the *United States v. Spero*, 382 F.3d 803 (8th Cir. 2004). Doc. No. 60-1 at 6. In that pre-*Booker* case, a district court relied on a child's Autism Spectrum Disorder as a family-related exceptional circumstance justifying a downward departure. However, as pointed out in the Government's brief, the legal standard for downward departures and for granting pre-sentence release are different, even if both use the 'exceptional circumstance' language.

defendants convicted of sex crimes are more vulnerable while incarcerated. Thus, considering either mental health issues or vulnerability in jail as "exceptional circumstances" would render the standard meaningless. While the details of Lau's situation are different from the defendants in the *Larue* and *Brown* cases, the fact remains that Lau's "exceptional" circumstances are not uncommon.[5] Accordingly, I agree with Judge Williams that Lau has failed to prove an exceptional circumstance warranting release.

> The Government also argues:
>
> The facts elicited at the July 13, 2016, hearing actually showed that detention is both necessary and appropriate given defendant's actions while on pretrial release, which included numerous instances of defendant sending obscene material to minors, and actually uploading an image of child pornography to another minor. Defendant was able to complete the aforementioned acts while on home detention, while his person and his computer were being monitored. As a result, this Court should deny defendant's motion in its entirety, as no terms and conditions of release will suffice to protect the community from the defendant.

Doc. No. 64 at 5-6. Because I find that the defendant has failed to prove an exceptional circumstance, I need not reach Judge Williams' finding regarding danger to the community. However, I do not note that in light of Lau's flagrant violations while on pretrial release, it would be nearly impossible to find that he would not be a danger to the community if released.

## V. CONCLUSION

For the foregoing reasons, it is hereby ordered, defendant's appeal (Doc. No. 60)

---

[5] I do not intend to diminish Lau's condition. Based on the record before the court, there is no reasonable dispute that Lau is very fragile and suffers from a severe mental limitation. However, I simply cannot find Lau's situation to be exceptional.

is **denied** and Judge Williams' detention order (Doc. No. 59) is **affirmed**.

**IT IS SO ORDERED.**

**DATED** this 17th day of October, 2016.

_____
LEONARD T. STRAND
UNITED STATES DISTRICT JUDGE